UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DARREN V. BERG, | ) | |
|---|---|---|
| | ) | Case No. 3:22-cv-325 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| TIMOTHY IRWIN, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant Knox County Juvenile Court Judge Timothy Irwin's motion to dismiss (Doc. 8). For the following reasons, the Court will **GRANT** Judge Irwin's motion to dismiss (*id.*).

I.  **BACKGROUND**

Plaintiff Darren V. Berg is an attorney, licensed in Tennessee. (Doc. 1, at 1.) He filed the rambling and unprofessional complaint[1] in this case, *pro se*, on September 19, 2022. (*Id.*)

---

[1] In the complaint, Berg makes numerous disrespectful and irrelevant remarks, apparently intended only to hurl insults at Defendants in this case, such as:

> Defendant Timothy Irwin is . . . also being known as "helmet boy," for further purposes of the issuance of alias summons.
>
> . . .
>
> In that case, Defendant Johnson[] demanded numerous things . . . resulting in the Plaintiff inquiring of Defendant Johnson whether when she fell out of the "stupid tree," if she had hit every branch on the way to the ground.
>
> . . .
>
> When the Plaintiff arrived at the Juvenile, i.e., kangaroo, Court of Knox County, after he had, in the parlance of that dearly-beloved Tennessean, the King of Rock,

The factual allegations center on actions taken by the Tennessee Department of Children's Services regarding the custody of Berg's children, as well as various statements and rulings made by Judge Irwin in the course of the resulting child-custody proceeding against Berg in Knox County Juvenile Court. (Doc. 1, at 7–13.) The complaint asserts a civil-rights claim, pursuant to 42 U.S.C. § 1983, alleging an interference with Berg's liberty interest in rearing his children. (*Id.* at 13–15.) In addition to Judge Irwin, Berg brings this claim against the following Defendants: (1) Tennessee Department of Children's Services ("DCS"); (2) the state of Tennessee; (3) Jennifer Johnson Arepalli, an investigator for DCS; (4) Elizabeth Smith, the lawyer representing DCS in the juvenile-court proceedings against Berg; and (5) Amber White,

---

> Elvis Presley, "taken care of business," he was called into the main courtroom . . . .
>
> After explaining to Defendant Irwin and other troglodytes and court jesters, likely in the employment directly or indirectly of the State of Tennessee, that Due Process was a concept that unlike the "Land of Oz" or "Wonderland," actually applied in his courtroom, Defendant Irwin lodged his opinion, likely gleaned from the locker room of his former professional endeavor (where he excelled, without question, unlike his quixotic desire to emulate his "fearsome foursome" teammate, who, ultimately was appointed to the Minnesota Supreme Court) that Plaintiff's appearance . . . [waived the issue of sufficiency of process]—a legal opinion in the nature of those that one would expect to find in the "Land of Oz" or "Wonderland" but not in the United States.
>
> . . .
>
> Defendant Irwin retorted, as only one suffering from either early onset dementia or CTE would possibly do, that he had engaged in ex parte communications with the Chancellor in front of whom the Plaintiff's action against "baby mama" had been filed and that they (the judges) had collectively agreed that Defendant Irwin should hear the case.
>
> . . .
>
> The Plaintiff thereafter noted to Defendant Irwin that reading is not actually a city in China but a real thing . . . .

(Doc. 1, at 3–11.)

the court-appointed guardian-ad-litem for Berg's children.  (Doc. 1, at 3–4, 6, 12–13.)  Berg only seeks money damages as relief for his claims.  (*Id.* at 15.)

In his motion to dismiss, Judge Irwin moves to dismiss the claims against him on several bases.  (*See* Doc. 8.)  However, because his absolute judicial immunity is dispositive of Berg's claims against him, the Court will not address the alternative theories Judge Irwin presents.  *See infra* Section III.A.  Judge Irwin also contends that the entire action, not just the claims against him, should be dismissed pursuant to the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).  Because the Court finds abstention to be the appropriate course of action, the remainder of Berg's claims will be dismissed without prejudice.

## II. STANDARD OF LAW

### A. Failure to State a Claim

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6).  On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679.  For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all

well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. *Younger* Abstention

Under the *Younger* doctrine, "when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts." *Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003). For *Younger* abstention to apply: "(1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). "[The Sixth Circuit] has also noted that 'the application of the *Younger* rule is much more than the mechanical application of these considerations.'" *Air*

*Evac EMS, Inc. v. Robinson*, 486 F. Supp. 2d 713, 718 (M.D. Tenn. 2007) (quoting *Zalman v. Armstrong*, 802 F.2d 199, 201–02 (6th Cir. 1986) (reminding courts to be sensitive to the "concerns which animate [the *Younger*] rule, e.g., equity, comity and federalism")). "The underlying concern of *Younger* is the 'threat to our federal system posed by displacement of state courts by those of the National Government.'" *Doe v. Lee*, No. 3:20-CV-00610, 2020 WL 4926607, at *3 (M.D. Tenn. Aug. 21, 2020) (quoting *Moore v. Sims*, 442 U.S. 415, 423 (1979)). Therefore, "*Younger* abstention requires the federal court to defer to the state proceeding." *Id.* (quoting *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006)).

III. **ANALYSIS**

As a threshold matter, Berg did not file a response in opposition to Judge Irwin's motion to dismiss. Pursuant to Local Rule 7.2, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2; *see also Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") Nevertheless, the Sixth Circuit has held that "where the adverse party has not responded to a motion to dismiss, the district court must consider the evidence presented and make a determination accordingly." *Green v. City of Southfield*, 759 F. App'x 410, 417 (6th Cir. 2018) (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). Therefore, the Court will consider the arguments in Judge Irwin's motion to dismiss and whether the facts Berg alleged in his complaint dispute any of those arguments.

A. **Absolute Judicial Immunity**

Judge Irwin contends that the claims against him should be dismissed for failure to state a claim, because Berg has not alleged any circumstances to justify overcoming absolute judicial

5

immunity. (Doc. 8, at 3–5.) "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citations omitted). "The passage of 42 U.S.C. § 1983 did nothing to change this ancient understanding." *Bright v. Gallia Cnty.*, 753 F.3d 639, 648–49 (6th Cir. 2014) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). "[A]bsolute judicial immunity can be overcome only in two instances: 'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 649 (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991)).

Berg does not allege that Judge Irwin took any actions that injured him outside of Judge Irwin's judicial capacity or in the complete absence of jurisdiction. (*See* Doc. 1, at 8–13.) In fact, Berg is aggrieved only by the statements and decisions Judge Irwin made in the course of Berg's child-custody case—actions that Judge Irwin performed squarely within his judicial capacity and jurisdiction as the judge presiding over the child-custody case in the Knox County Juvenile Court. (*See id.*) Therefore, Judge Irwin is entitled to absolute judicial immunity, and Berg has failed to state a § 1983 claim against him. Accordingly, Berg's claim against Judge Irwin will be **DISMISSED WITH PREJUDICE**.

  **B.** *Younger* **Abstention**

Judge Irwin also contends that the Court should abstain from hearing this entire action under the *Younger* abstention doctrine. (Doc. 8, at 5–7.) Berg's grievances in his complaint center on the interference with his "liberty interest in rearing his children[,]" as a result of the state child custody proceeding in Knox County Juvenile Court before Judge Irwin. (Doc. 1, at

6

14.) Berg does not allege that a final judgment has been entered in the child-custody proceedings. (*Id.* at 1–16.) The child-custody proceeding also implicates important state interests. The Supreme Court has recognized, in the context of state-child-custody and support proceedings, abstention is appropriate because "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). The Sixth Circuit has also recognized that "abstention is generally appropriate in matters of family relations such as child custody." *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (citing *id.*; *Mann v. Conlin*, 22 F.3d 100, 106 (6th Cir. 1994) (applying abstention to ongoing domestic relations cases)). Finally, there is no allegation that Berg would have inadequate opportunity to raise his constitutional arguments in the custody proceeding before the Knox County Juvenile Court. (*See* Doc. 1); *Furr-Barry v. Underwood*, 59 F. App'x 796, 797 (6th Cir. 2003) (affirming the application of *Younger* where a case was pending in a Tennessee juvenile court, because "there was no evidence that the state court proceedings did not provide an opportunity for [the plaintiff] to raise her constitutional claims[]"). Berg also has a right to appeal any decision entered by Judge Irwin to the Knox County Circuit Court and the right to appeal a final judgment to the Tennessee Court of Appeals. Tenn. Code Ann. § 37-1-159. Therefore, this case meets all three conditions for application of *Younger* abstention. *See Doscher*, 75 F. App'x at 997. Accordingly, the Court will dismiss this action without prejudice pursuant to *Younger*.

## IV. CONCLUSION

For these reasons, the Court hereby **GRANTS** Judge Irwin's motion to dismiss (Doc. 8) and shall **ABSTAIN** from exercising jurisdiction over this action. The claim against Judge Irwin is **DISMISSED WITH PREJUDICE**, and Berg's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**
